UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| GERARD CORSINI,<br><br>                                       Plaintiff,<br><br>                     -against-<br><br>DANIEL BRODSKY, THOMAS BRODSKY, THE BRODSKY ORGANIZATION, LLC, 433 WEST ASSOCIATES, LLC, URBAN ASSOCIATES, LLC, MARGARET BERGIN O'CONNOR, LOUIS ZADRIMA, JOSEPH PITRE, THE CITY OF NEW YORK, MAYOR MICHAEL R. BLOOMBERG, FIRST DEPUTY MAYOR PATRICIA E. HARRIS, POLICE COMMISSIONER RAYMOND W. KELLY, COMMISSIONER KATHERINE L. OLIVER, COMMISSIONER ROBERT LIMANDRI, DEPUTY COMMISSIONER JOHN BATTISTA, DEPUTY INSPECTOR ELISA A. COKKINOS, LIEUTENANT HOULIHAN, DETECTIVE ERIC PATINO, OFFICER RICHARD STELLMAN, DISTRICT ATTORNEY CYRUS R. VANCE, JR., ASSISTANT DISTRICT ATTORNEYS KAREN FRIEDMAN-AGNIFILO, NITIN SAVUR, JOHN IRWIN, WILLIAM DARROW, LISA DELPIZZO, AND DANIEL GARNAAS-HOLMES, THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, LIEUTENANT EDWARD LOSS OF THE NEW YORK CITY FIRE DEPARTMENT, ELIZABETH MORGAN AKA ELIZABETH MORGAN CARY, JONATHAN CARY, DANIEL J. MCKAY, AARON SHMULEWITZ, BELKIN BURDEN WENIG & GOLDMAN, LLP, AND JOHN DOES 1-25 AND JANE DOES 1-25,<br><br>                                       Defendants. | **ANSWER ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, MAYOR MICHAEL R. BLOOMBERG, FIRST DEPUTY MAYOR PATRICIA E. HARRIS, POLICE COMMISSIONER RAYMOND W. KELLY, COMMISSIONER KATHERINE L. OLIVER, COMMISSIONER ROBERT LIMANDRI, DEPUTY COMMISSIONER JOHN BATTISTA, DEPUTY INSPECTOR ELISA A. COKKINOS, DETECTIVE ERIC PATINO, AND THE POLICE DEPARTMENT OF THE CITY OF NEW YORK**<br><br>13 CV 2587 (LTS) (MHD)<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------------ x

        Defendants City of New York, Mayor Michael R. Bloomberg, First Deputy Mayor Patricia E. Harris, Police Commissioner Raymond W. Kelly, Commissioner Katherine L. Oliver, Commissioner Robert LImandri, Deputy Commissioner John Battista, Deputy Inspector Elisa A. Cokkinos, Detective Eric Patino, and The Police Department of the City of New York,

("City Defendants"), by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

1. Notwithstanding that paragraph "1" of the amended complaint brazenly fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—in that it spans over fifteen pages and includes multiple irrelevant statements that do not pertain to any legal claim and are, in fact, libelous, deny each and every allegation set forth therein.

2. Notwithstanding that paragraph "2" of the amended complaint brazenly fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—in that it spans more than a page and includes multiple irrelevant statements that do not pertain to any legal claim and are, in fact, libelous, deny each and every allegation set forth therein.

3. Notwithstanding that paragraph "3" of the amended complaint brazenly fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—in that it spans more than a page and includes multiple irrelevant statements that do not pertain to any legal claim and are, in fact, libelous, deny each and every allegation set forth therein.

4. Notwithstanding that paragraph "4" of the amended complaint brazenly fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—in that it spans more than a page and includes multiple irrelevant statements that do not pertain to any legal claim and are, in fact, libelous,

deny each and every allegation set forth therein, and further state that plaintiff was convicted after trial.

5. Notwithstanding that paragraph "3" of the amended complaint brazenly fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—in that it spans more than a page and includes multiple irrelevant statements that do not pertain to any legal claim and are, in fact, libelous, deny each and every allegation set forth therein, and further state that plaintiff was convicted after trial.

6. Deny the allegations set forth in paragraph "6" of the amended complaint, except deny information and belief as to the truth of the allegations regarding defendant Morgan's testimony, and respectfully refer to the Court to the record of plaintiff's criminal trial for an accurate recitation of the testimony therein.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that plaintiff purports to bring this action and name the parties as stated therein.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Deny the allegations set forth in paragraph "13" of the amended complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint, except deny that plaintiff was ever falsely arrested or maliciously prosecuted.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's thought process. Deny the remaining allegations set forth in paragraph "19" of the amended complaint.

20. Notwithstanding that paragraph "20" of the amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—deny the allegations set forth therein.

21. Notwithstanding that paragraph "21" of the amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—deny the allegations set forth therein.

22. Notwithstanding that paragraph "22" of the amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—deny the allegations set forth therein.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Object to and deny the embedded assertion referencing "how and when the policy came into existence," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "24" of the amended complaint.

25. In response to the allegations set forth in paragraph "25" of the amended complaint, City Defendants repeat and reallege the responses set forth in paragraphs "1" through "24" inclusive of their answer as if fully set forth herein.

26. Notwithstanding that paragraph "26" of the amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—deny the allegations set forth therein, and further state that the allegations concerning "under color of state law" are legal conclusions, rather than averments of fact, to which no response is required.

27. In response to the allegations set forth in paragraph "27" of the complaint, City Defendants repeat and reallege the responses set forth in paragraphs "1" through "26" inclusive of their answer as if fully set forth herein.

28. Notwithstanding that paragraph "28" of the amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8(d)(1)—which requires each allegation to be simple, concise, and direct—deny the allegations set forth therein.

29. In response to the allegations set forth in paragraph "29" of the amended complaint, City Defendants repeat and reallege the responses set forth in paragraphs "1" through "28" inclusive of their answer as if fully set forth herein.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the amended complaint, except deny that plaintiff was ever falsely arrested and deny that plaintiff was the victim of any "outrageous and illegal conduct."

31. To the extent the allegations set forth in paragraph "31" of the amended complaint apply to City Defendants, deny the allegations set forth therein. To the extent those allegations apply to the other defendants in this litigation, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

32. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

33. City Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

34. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

36. There was probable cause for plaintiff's arrests, detentions, and prosecutions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

37. Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

38. Punitive damages cannot be awarded against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

39. Plaintiff's claim may be barred in whole or in part because plaintiff has failed to comply with all conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

40. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h), and/or 50(i).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

41. The individual City defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and are therefore protected by qualified immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

42. Plaintiff has failed to mitigate his damages, if any.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

43. To the extent any force was used, such force was reasonable, necessary, and justified.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

44. Plaintiff has not stated a viable claim under Monell v. Department of Social Services, 436 U.S. 658 (1978).

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

45. To the extent plaintiff asserts state law claims against defendant City, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

46. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

47. The New York City Police Department is a non-suable entity pursuant to Section 396 of the New York City Charter.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:**

17. Plaintiff's claims are barred, in whole or in part, based on collateral estoppel and/or *res judicata*.

**WHEREFORE,** City Defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 25, 2014

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                          City of New York
                        Attorney for City Defendants
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2322

                        By:        /s/
                                Daniel Passeser
                                Assistant Corporation Counsel
                                Special Federal Litigation Division


<u>BY MAIL & EMAIL</u>
Gerard Corsini
433 W. 21st St.
Apt. 9A
New York, NY 10011
gcorsini@gmail.com

<u>BY ECF</u>
Arthur Patrick Xanthos
Gartner Bloom & Greiper, P.C.
801 2nd Avenue, 15th Floor
New York, NY 10017

Christina Frances Ante
New York County District Attorney's Office
One Hogan Place
New York, NY 10013

Eric Michael Arnone
Galluzzo & Johnson LLP
48 Wall Street
New York, NY 10463

David Robert Brand
Belkin Burden Wenig & Goldman, LLP
270 Madison Avenue
New York, NY 10016

Index No.  13 CV 2587 (LTS) (MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARD CORSINI,

                                                            Plaintiff,

-against-

DANIEL BRODSKY, THOMAS BRODSKY, THE BRODSKY ORGANIZATION, LLC, 433 WEST ASSOCIATES, LLC, URBAN ASSOCIATES, LLC, MARGARET BERGIN O'CONNOR, LOUIS ZADRIMA, JOSEPH PITRE, THE CITY OF NEW YORK, MAYOR MICHAEL R. BLOOMBERG, FIRST DEPUTY MAYOR PATRICIA E. HARRIS, POLICE COMMISSIONER RAYMOND W. KELLY, COMMISSIONER KATHERINE L. OLIVER, COMMISSIONER ROBERT LIMANDRI, DEPUTY COMMISSIONER JOHN BATTISTA, DEPUTY INSPECTOR ELISA A. COKKINOS, LIEUTENANT HOULIHAN, DETECTIVE ERIC PATINO, OFFICER RICHARD STELLMAN, DISTRICT ATTORNEY CYRUS R. VANCE, JR., ASSISTANT DISTRICT ATTORNEYS KAREN FRIEDMAN-AGNIFILO, NITIN SAVUR, JOHN IRWIN, WILLIAM DARROW, LISA DELPIZZO, AND DANIEL GARNAAS-HOLMES, THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, LIEUTENANT EDWARD LOSS OF THE NEW YORK CITY FIRE DEPARTMENT, ELIZABETH MORGAN AKA ELIZABETH MORGAN CARY, JONATHAN CARY, DANIEL J. MCKAY, AARON SHMULEWITZ, BELKIN BURDEN WENIG & GOLDMAN, LLP, AND JOHN DOES 1-25 AND JANE DOES 1-25,

                                                            Defendants.

**ANSWER ON BEHALF OF CITY DEFENDANTS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel: Daniel Passeser*
*Tel:  (212) 356-2322*

*Due and timely service is hereby admitted.*

*New York, N.Y............................................. , 2014*

*Esq.*

*Attorney for*