UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GERARD CORSINI

                Plaintiff,

  -v-                                                 No. 13CV2587-LTS-MHD

DANIEL BRODSKY, et al.,

                Defendants.

-------------------------------------------------------x

        Plaintiff Gerard Corsini ("Plaintiff") filed this complaint on April 18, 2013, against defendants including former New York City Mayor Michael Bloomberg, various state employees, and several private citizens. Plaintiff filed an amended complaint on February 11, 2014. This is the third lawsuit against substantially the same group of defendants asserting substantially similar claims under 42 U.S.C. § 1983 arising from an alleged conspiracy to, inter alia, violate Plaintiff's First Amendment right to document his neighbor's alleged zoning violations. Plaintiff also asserts causes of action for false arrest and intentional infliction of emotional distress.

        Defendants Cyrus R. Vance, Jr., Karen Friedman-Agnifilo, Nitin Savur, John Irwin, William Darrow, Lisa Delpizzo, and Daniel Garnaas-Holmes (collectively, the "DA Defendants") have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint. Defendants Elizabeth Morgan, Jonathan Cary, and Daniel J. McKay (collectively, the "Cary Defendants") also have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint and for sanctions pursuant to Federal Rule of Civil Procedure 11. Defendants Belkin Burden Wenig & Goldman, LLP, and Aaron

Shmulewitz (collectively, the "Belkin Defendants" and, together with the DA Defendants and the Cary Defendants, "Defendants") have likewise moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint and for sanctions pursuant to Federal Rule of Civil Procedure 11.

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

The Court has reviewed the submissions of the parties carefully. For the following reasons, the motions to dismiss the Amended Complaint are granted in their entirety. The Cary Defendants' motion for Rule 11 sanctions is denied, and the Belkin Defendants' motion for Rule 11 sanctions is granted.

## BACKGROUND

Plaintiff alleges that each of the various Defendants is a participant in a conspiracy, involving civilians, junior and senior members of the police department, lawyers and even the former mayor of New York City, to prevent Plaintiff from exposing his neighbor's alleged zoning violations. According to Plaintiff, this conspiracy has resulted in several false arrests and malicious prosecutions of Plaintiff. This is the third lawsuit alleging this conspiracy that Plaintiff has filed against many of Defendants. The first was filed in the New York State Supreme Court, see Corsini v. Morgan, et al., 2013 N.Y. Misc. LEXIS 2662 (N.Y. Sup. Ct. Jun. 20, 2013), and the second in this court, see Corsini v. Bloomberg, et al., No. 12CV8058, 2014 WL 2029178 (S.D.N.Y. May 15, 2014). The following allegations are drawn from the Amended Complaint in this, the third action, unless otherwise noted.

Plaintiff alleges that the conspiracy began in November of 2010, with the objective of "tak[ing] all steps necessary to have plaintiff falsely arrested and evicted from his apartment." (Am. Compl. at ¶ 1(a)(ii).) Plaintiff also alleges that the Belkin Defendants

"designed a common plan . . . [involving] advising, aiding and abetting and directing Morgan's and Cary's urging, causing, inducing and importuning plaintiff's false arrests and malicious prosecutions."  (Am. Compl. at ¶ 16.)  Plaintiff alleges that he first discovered the "complicity" of New York City and several of its agents (including former Mayor Bloomberg) after a "Saturday Night Live" film shoot at the Morgan/Cary residence on April 15, 2010, when Plaintiff found the police unresponsive to his requests that they inquire as to whether a permit had been obtained.  (Am. Compl. at ¶¶ 18-21.)  Plaintiff's allegations about the DA Defendants' involvement in the conspiracy are based on advice they allegedly gave to police regarding Plaintiff, "with the intent and for the purpose of depriving plaintiff of established rights secured under the First, Fourth and Fourteenth Amendments of the Constitution of the United States."  (Am. Compl. at ¶ 7.)  Plaintiff posits a series of events in which a detective in the New York Police Department (the "NYPD") allegedly contacted a lawyer in the NYPD who then contacted the DA Defendants to determine whether probable cause existed to arrest Plaintiff in June of 2011.  (Am. Compl. at ¶ 3.)  Plaintiff also alleges that Mr. McKay, on June 11, 2011, after overhearing Plaintiff describing his fears regarding police ringing his doorbell, "shout[ed] 'NYC Police' into [Plaintiff's] intercom . . . for the outrageous purpose of intentionally causing plaintiff severe emotional distress."  (Am. Compl. at ¶ (1)(b).)

Plaintiff further alleges the conspiracy led to his arrests on April 18, 2012, and July 25, 2012.  (Am. Compl. ¶¶ 1(a)(i), 1(a)(iii).)  Plaintiff alleges that these arrests led to prosecutions that "terminated in plaintiff's favor, as to the [April 18, 2012 arrest's] prosecution . . . to one count in the complaint . . . [and] as to the [July 25, 2012 arrest's] prosecution . . . as to all counts in the complaint."  (Am. Compl. at ¶ 1(a)(iv).)  Plaintiff alleges that the conspiracy led to a three hour "siege" of Plaintiff's apartment on July 18, 2012,

involving both the New York City Police Department and the Fire Department, during which several Defendants allegedly "attempt[ed] to cause plaintiff severe emotional stress and to put him at risk of a heart attack to have a pretext to break into his apartment to arrest him." (Am. Compl. at ¶ 1(a)(ii).)

## DISCUSSION

When deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether a complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A court is not, however, required to accept "conclusory statements" made by the plaintiff as true, nor do "legal conclusion[s] couched as factual allegation[s]" merit such deference. Twombly, 550 U.S. at 555. To survive, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

### The Belkin and Cary Defendants' Motions to Dismiss

The Belkin and Cary Defendants contend that Plaintiff's claims in this action are barred by res judicata, citing the dismissal of Plaintiff's first action, Corsini v. Morgan, in which the state court dismissed Plaintiff's amended complaint, which alleged a conspiracy substantially similar to that alleged in the instant complaint, noting that "[a]though plaintiff's claims against Morgan, and Cary, and even more so his claims against Shmulewitz and Belkin, are meritless, plaintiff's filing of the amended complaint does not, of itself, warrant the imposition of sanctions." 2013 N.Y. Misc. LEXIS 2662, at *15 (N.Y. Sup. Ct. Jun. 20, 2013).

Although a court typically only reviews the complaint and does not consider affirmative defenses in making the Rule 12(b)(6) determination, "when all relevant facts are

shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a 12(b)(6) motion." Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992). In order for res judicata to apply, (1) the previous action must have involved an adjudication on the merits; (2) the previous action must have involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. See TechnoMarine SA v. Giftports, Inc., 2014 WL 3408570 at *3 (2d Cir. July 15, 2014); see also Anaconda-Ericson Inc. v. Hessen (In re Teltronics Serv., Inc.), 762 F.2d 185, 190 (2d Cir. 1985). This Court has already determined that the decision in Corsini v. Morgan was "on the merits" for res judicata purposes, dismissing his second action against the Belkin and Cary Defendants on res judicata grounds. See Corsini v. Bloomberg, 2014 WL 2029178, at *12.[1] The Belkin and Cary Defendants were all parties to the Corsini v. Morgan and Corsini v. Bloomberg actions.

Res judicata bars parties from relitigating the outcomes of prior cases, "not only to what was pleaded, but also as to what could have been pleaded." Anaconda-Ericson, 762 F.2d at 193. To apply res judicata, "the facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that "the facts essential to the second were [already] present in the first." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110-11 (2d Cir. 2000).

The facts that Plaintiff alleges in support of his claims were all available to Plaintiff prior to August 14, 2012, and June 10, 2013, the dates on which Plaintiff filed his Amended Complaints in Corsini v. Morgan and Corsini v. Bloomberg, respectively. Plaintiff

---

[1] The Court's decision in Corsini v. Bloomberg, granting a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, also constitutes a final decision on the merits supporting the application of res judicata as to the Cary Defendants. See Federated Dep't Stores, Inc. v. Moitie, 45 U.S. 394, 399 n. 3 (1981).

alleges that defendant McKay impersonated a police officer on June 11, 2011.  (Am. Compl. at ¶ 1(b).)  The first false arrest Plaintiff alleges occurred on April 18, 2012 (Am. Compl. at ¶ 1(a)(i).), and the second occurred on July 25, 2012 (Am. Compl. at ¶ 1(a)(iii).).  The alleged "siege" of Plaintiff's apartment occurred on July 18, 2012.  (Am. Compl. at ¶ 1(a)(ii).)  Further, Plaintiff alleges that all of Defendants' behavior was undertaken "for the improper and unconstitutional purpose of retaliating for and deterring . . . and punishing the exercise of plaintiff's constitutional rights," in a conspiracy to "protect the illegal 'franchise' conducted by defendants Morgan and Cary."  (Am. Compl. at ¶ 31.)  These allegations reference the same alleged conspiracy that formed the basis of the complaint in Corsini v. Bloomberg.  See 2014 WL 2029178 at *2.

Plaintiff has also pleaded several of the same facts and asserted claims identical to those that were dismissed in the prior actions.  Plaintiff again alleges the creation of a "common plan" (Am. Compl. at ¶ 16) as the Belkin Defendants' only involvement in the alleged conspiracy.  Such claims against the Belkin Defendants were dismissed as "meritless" by Justice Kathryn E. Freed in Corsini v. Morgan, 2013 N.Y. Misc. LEXIS 2662, at *15.  Plaintiff also raised these claims in his complaint in Corsini v. Bloomberg, which were dismissed on res judicata grounds.  2014 WL 2029179 at *12.  Plaintiff asserted the intentional infliction of emotional distress claim based on defendant McKay's alleged impersonation of an officer (as well as several other claims related to the alleged conspiracy) in his New York state court action, where it was dismissed by Justice Freed as insufficient to state a claim.  Corsini v. Morgan, 2013 N.Y. Misc. LEXIS 2662, at *14-15.

Because Plaintiff's claims in the Amended Complaint against the Belkin and Cary Defendants were or could have been raised in the earlier actions – Plaintiff in fact pleaded the

same Intentional Infliction of Emotional Distress claim in a prior complaint – Plaintiff is barred from litigating them here.  Accordingly, Plaintiff's claims against the Belkin and Cary Defendants are dismissed.

The DA Defendants' Motion to Dismiss

Plaintiff asserts claims against the DA Defendants "solely for their roles in the [April 18, 2012, and July 25, 2012] false arrests and surveillance of plaintiff and the [July 18, 2012] storming and breaching of [Plaintiff's] apartment."

The District Attorney is a representative of the State of New York, and thus he is immune from liability for actions taken in his official capacity under the Eleventh Amendment to the United States Constitution. "The Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name." Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).  "The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."  Id. Thus, to the extent Plaintiff is seeking damages against the DA Defendants in their official capacities, this Court has no jurisdiction to adjudicate the claim.[2]

Plaintiff fails to allege specific facts regarding the DA Defendants' involvement

---

[2] Plaintiff, in his First Amended Complaint, named defendants Friedman-Agnifilo, Savur, Irwin, Darrow, DelPizzo, and Garnaas-Holmes in their official and individual capacities.  Plaintiff therefore requests an opportunity to amend his Complaint to name the defendants solely in their individual capacity.  This request is denied because, as explained infra, the claims are insufficiently pleaded and legally unsustainable.  For purposes of the discussion that follows the Court assumes that Plaintiff is asserting his claims against the DA Defendants in their personal capacities.

in the April 18 and July 25, 2012, arrests. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983). Plaintiff's repeated assertions that police acted with the "advice" or "at the urging" of the DA Defendants, (See Am. Compl. at ¶¶ 1(a)(i), 1(a)(iii), 1(a)(iv), 1(a)(v), 1(b).), are precisely the types of conclusory statements that are insufficient to satisfy the pleading standard of Federal Rule of Civil Procedure 8. See Iqbal, 556 U.S. at 678; see also Betts v. Shearman, 2013 WL 311124, at *14 (finding that a claim "stat[ing] in a conclusory fashion that the . . . defendants conspired to deprive him of his rights [via false arrests]" must be dismissed), aff'd, 751 F.3d 78 (2d Cir. 2014). The only factual support Plaintiff pleads regarding the DA Defendants' alleged advice to the police is his allegation of a consultation between police and the DA Defendants about whether probable cause existed for Plaintiff's arrest in June 2011. (Am. Compl. at ¶ 3.) These allegations, describing events nearly a year before the alleged false arrests, fail to provide sufficient support to "allow[] the court to draw the reasonable inference that the [DA Defendants] are liable for the misconduct alleged." Iqbal, 556 at 678.

In any event, Plaintiff's claim alleging a false arrest on April 18, 2012, cannot be sustained because, as Plaintiff admits in his Amended Complaint, he was convicted on one of the resulting charges. (Am. Compl. at ¶ 1(a)(iv).) "Probable cause 'is a complete defense to an action for false arrest' brought under New York law or § 1983." Parker v. Cummings, 13-CV-3151 NSR, 2014 WL 2946144, at *2 (S.D.N.Y. June 30, 2014) (quoting Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012), as amended (Dec. 4, 2012)). The Second Circuit has held that a conviction resulting from an arrest is an absolute defense to a § 1983 action asserting that the arrest was made without probable cause. Cameron v. Fogarty, 806 F.2d

380, 388 (2d Cir. 1986).  Even where a defendant is convicted of only one of the crimes for which he was arrested, a plaintiff cannot succeed on a claim for false arrest.  See Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (stating that a "claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest").  Accordingly, Plaintiff's claim that the April 18, 2012, arrest was unlawful must fail and is dismissed.

Plaintiff includes in each of his pleadings a request for "such other and further relief as the Court may deem just and proper, including the right to amend."  The Court declines this request for leave to further amend the complaint.  Plaintiff failed to indicate prior to the initiation of motion practice whether he wished to amend the complaint to cure any factual inadequacy pursuant to the undersigned's Individual Practice Rule A.2(b)(i)(B).  Nor did he respond to the dismissal motion with a notice of intent to amend rather than oppose (see Individual Practice Rule A.2(b)(iii)).  Plaintiff was on notice that no further opportunity to amend in light of the arguments raised in the motion would be granted.  See Id.  "Plaintiff is an attorney, not a lay pro se litigant," and he must comply with the Court's Individual Practice Rules strictly.  See Corsini v. Bloomberg, 2014 WL 2029178, at *14.  Accordingly, Plaintiff's claims against the DA Defendants are dismissed for lack of jurisdiction insofar as they are asserted against the Defendants in their official capacities, and with prejudice in all other respects.

The Cary Defendants' Motion for Sanctions

The Cary Defendants have moved for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11, requesting that Plaintiff be required to seek judicial

authorization before filing any additional claims against them, as well as requesting attorneys' fees.

"In disposing of a motion for Rule 11 sanctions, a district court 'must adhere to the procedural rules which safeguard due process rights.'" Castro v. Mitchell, 727 F. Supp. 2d 302, 305 (S.D.N.Y. 2010) (quoting Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 58 (2d Cir. 2000)). Rule 11 requires that a motion for sanctions be made separately from any other motion and describe the specific conduct that allegedly violates Rule 11(b). Furthermore, to comply with the "Safe Harbor" requirements of Rule 11, a party must serve notice of the motion for sanctions 21 days before filing the motion with the Court. See Star Mark Mgmt., v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 176 (2d Cir. 2012).

The Cary Defendants fail to demonstrate that they have met the procedural requirements of Rule 11. The only evidence of notice that the Cary Defendants provide is a letter sent to Plaintiff on February 19, 2014. (See Cary Defs.' Notice of Mot. For Sanctions, Ex. L.) The Cary Defendants filed their motion for Rule 11 sanctions only six days later, on February 25, 2014. (Docket entry no. 36.) The Cary Defendants have therefore failed to satisfy the procedural requirements of Rule 11, and their motion for sanctions is denied.

The Belkin Defendants' Motion for Sanctions

The Belkin Defendants have also moved for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. The Court, in its June 26, 2014, Order (docket entry no. 71), put Plaintiff on notice that his conduct in bringing this action against the Belkin Defendants might be sanctionable. For reasons stated by the Court in Corsini v. Bloomberg, Plaintiff should have known that his claims against the Belkin Defendants were duplicative and had no chance of success; the claims against the Belkin Defendants are barred by res judicata and frivolous on

their face. 2014 WL 2029178 at *13-15. The Court afforded Plaintiff the opportunity to withdraw his claims against the Belkin Defendants by July 31, 2014, and he has not withdrawn the claims.[3]  (See docket entry no. 72.)  Accordingly, the Court finds that it is appropriate to impose monetary sanctions in the amount of the Belkin Defendants' costs and fees associated with this action.

### CONCLUSION

Each of Plaintiff's personal-capacity claims against the Cary Defendants, the Belkin Defendants, and the DA Defendants is dismissed with prejudice. To the extent that Plaintiff's claims are asserted against the DA Defendants in their official capacities, the claims are dismissed for lack of jurisdiction.

The Cary Defendants' motion for Rule 11 sanctions is denied.

The Belkin Defendants' Motion for Rule 11 sanctions is granted. Plaintiff is also ordered to pay the Belkin Defendants' reasonable attorneys' fees and costs incurred in litigating this action. The Belkin Defendants must file and serve on Plaintiff an application for such fees and costs, with detailed contemporaneous billing records, by October 6, 2014. Any objections to the reasonableness of the fees and costs requested by the Belkin Defendants must be filed by Plaintiff by October 13, 2014.

---

[3] Plaintiff claims that he has been "thwarted" by the Belkin Defendants' "bad faith tactics" from withdrawing these claims and complying with the Court's June 26, 2014, Order. (Pl.'s Supp. Resp. To Order, docket entry no. 78 at 2.) It appears that Plaintiff was unable to negotiate a stipulation with them that would have addressed issues beyond the withdrawal of this complaint. Plaintiff's protestations, even if true, are irrelevant. As the Belkin Defendants have not filed an answer to the First Amended Complaint, Plaintiff could have withdrawn his claims against them unilaterally. See Fed. R. Civ. P. 41(a)(1)(A)(i).

       This case remains referred to Judge Dolinger for general pretrial management.

       This order resolves docket entry numbers 27, 30, 33, 36, and 46.

       SO ORDERED.

Dated: New York, New York
      September 23, 2014

                                                       /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                     United States District Judge