UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GERARD CORSINI,

        Plaintiff,

  -v-                                                No. 13CV02587-LTS

DANIEL BRODSKY et al.,

        Defendants.
-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiff Gerard Corsini ("Plaintiff"), who is a lawyer, initiated this action pro se on April 18, 2013, against a large group of defendants including former New York City Mayor Michael Bloomberg, various city employees, and several private citizens. Plaintiff filed an Amended Complaint on February 11, 2014. Defendants Daniel Brodsky, Thomas Brodsky, The Brodsky Organization, LLC, 433 West Associates, LLC, Urban Associates, LLC, Margaret Bergin O'Connor, Louis Zadrima, and Joseph Pitre (collectively, the "Brodsky Defendants") have moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.

        Plaintiff's first cause of action, asserted pursuant to 42 U.S.C. sections 1983 and 1985 against all named defendants, charges participation in conspiratorial activity to violate Plaintiff's First, Fourth and Fourteenth Amendment rights through, as relevant here, false arrest and malicious prosecution, "storming and breaching of Plaintiff's apartment," and retaliatory activity in response to Plaintiff's exercise of First Amendment rights.[1] The second cause of

---

[1] In the body of the Amended Complaint, Plaintiff also alludes to violations of rights under the "laws and Constitution of the State of New York" in connection with his malicious prosecution and false arrest charges. (See docket entry no. 22

action, which is also brought against all defendants, asserts a state law claim for intentional infliction of emotional distress, and the third cause of action, which refers specifically to the Brodsky Defendants and certain of the other private individual and entity defendants, asserts a state law claim of emotional distress arising from the destruction of certain security tapes and other evidence, and also appears to allege that the actions were taken in aid of chilling Plaintiff's exercise of First Amendment rights and depriving him of rights under the Fourth and Fourteenth Amendments as well.[2]

The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

In his opposition to the Brodsky Defendants' motion, Plaintiff asserts that the undersigned should recuse herself from this case and that the motion should be denied for failure to comply with the undersigned's individual practices rules, as well as on the merits. The Court has reviewed the submissions of the parties carefully. For the following reasons, the Brodsky Defendants' motion for judgment on the pleadings is granted in its entirety, and Plaintiff's claims against the Brodsky Defendants are dismissed.

BACKGROUND

Plaintiff alleges that each of the Brodsky Defendants is a participant in a conspiracy involving civilians, junior and senior members of the police department, lawyers, and the then-mayor of New York City, to prevent Plaintiff from exposing his neighbors' alleged zoning violations. (Am. Compl., docket entry no. 22 at ECF p. 3.) According to Plaintiff, this

---

at ECF p. 14.)

[2]   Defendants characterize the third cause of action as a spoliation claim.

conspiracy has been carried out through, inter alia, several false arrests and malicious prosecutions of Plaintiff. The Court assumes the parties' familiarity with the prior litigation and general background of the lawsuits, which is summarized in Corsini v. Morgan, et al., No. 13780, 2013 N.Y. Misc. LEXIS 2662 (N.Y. Sup. Ct. June 20, 2013), and Corsini v. Bloomberg, 26 F. Supp. 3d 230 (S.D.N.Y. 2014), aff'd in part, appeal dismissed in part sub nom, Corsini v. Conde Nast, __ F. App'x __ (2d Cir. May 12, 2015).

In an order filed on September 23, 2014, the Court dismissed this case against several of the other named defendants. See Corsini v. Brodsky, et al., No 13CV2587, 2014 WL 5049753 (S.D.N.Y. Sept. 23, 2014) (docket entry no. 101). Specifically, the Court granted a motion to dismiss by Defendants Cyrus R. Vance, Jr., Karen Friedman-Agnifilo, Nitin Savur, John Irwin, William Darrow, Lisa Delpizzo, and Daniel Garnaas-Holmes (collectively, the "DA Defendants"), finding, inter alia, that Plaintiff failed to allege specific facts supporting his assertion that the DA Defendants were involved in the alleged false arrests. Id. at *4. Further, the Court held, Plaintiff's own pleadings demonstrated that probable cause for the arrest existed at the time. Id. The case was also dismissed as against the DA Defendants as non-suable entities, and against other private individual and entity defendants on the basis of res judicata. Id. at *3-*4. By Memorandum Opinion and Order filed on May 27, 2015 (the "May 2015 Opinion"), the Court dismissed this case against Defendants former Mayor Michael R. Bloomberg, the City of New York, First Deputy Mayor Patricia E. Harris, former Police Commissioner Raymond W. Kelly, Commissioner Katherine L. Oliver, Commissioner Robert Limandri, Deputy Commissioner John Battista, Deputy Inspector Elisa A. Cokkinos, Lieutenant Houlihan, Detective Eric Patino, Officer Richard Stellman, the Police Department of the City of New York, and Lieutenant Edward Loss of the New York City Fire Department (collectively, the

"City Defendants").  See Corsini v. Brodsky, et al., No. 13CV2587, 2015 WL 3456781 (S.D.N.Y. May 27, 2015) (docket entry no. 210).  The Court dismissed, inter alia, Plaintiff's claims that the City Defendants conspired to falsely arrest and maliciously prosecute Plaintiff, as well as violate Plaintiff's Fourth Amendment rights.  Id. at *5.  In dismissing this case against the City Defendants, the Court held that the false arrest and malicious prosecution claims failed because there was probable cause for the arrest and prosecution, and that Plaintiff's conspiracy allegations were conclusory and insufficient to state a claim.  Id.  The Court also dismissed Plaintiff's Fourth Amendment claim, finding that Plaintiff had not sufficiently pleaded a legally cognizable search or seizure.  Id.  The Court denied Plaintiff's subsequent motion for reconsideration of the dismissals.  (docket entry no. 136.)

A brief recitation of the allegations from the Amended Complaint that are relevant to this motion follows.

Plaintiff has been complaining about alleged zoning violations at his neighbors' residence since at least 2009.  Plaintiff alleges that a conspiracy between the City Defendants and the Brodsky Defendants began in November of 2010, with the objective of "tak[ing] all steps necessary to have plaintiff falsely arrested and evicted from his apartment."  (Am. Compl. at ECF p. 3.)

Plaintiff alleges that he was subjected to a three hour "siege" of his apartment, in aid of the conspiracy, on July 18, 2012, involving both the New York City Police Department and the New York Fire Department, during which the Brodsky Defendants, in concert with the City Defendants, allegedly "attempt[ed] to cause plaintiff severe emotional stress and to put him at risk of a heart attack to have a pretext to break into his apartment to arrest him."  (Id.)  Specifically, Plaintiff alleges that Defendant Pitre (who appears to have been a representative of

Plaintiff's landlord) "put a key to plaintiff's apartment in the lock on his door and turn[ed] it, thereby entering/breaching plaintiff's apartment." (Id. at 4.) Plaintiff further alleges that Defendant Pitre was acting "in concert with the City defendants," when he inserted the key into Plaintiff's lock. (Id. at ECF p. 12.)

Plaintiff also alleges that the "Brodsky defendants acted pursuant to an ongoing agreement between the Brodsky defendants, acting through defendants Pitre and O'Connor . . . to take all steps necessary to have plaintiff falsely arrested and evicted from his apartment owned by Brodsky defendants, including surveilling and stalking him to find any false pretext to falsely arrest or evict plaintiff . . . ." (Id. at ECF p. 3.) Plaintiff also alleges that the Brodsky Defendants aided and abetted others to effect Plaintiff's alleged false arrest on July 25, 2012. (Id.) Plaintiff alleges that this arrest resulted in prosecutions "terminat[ing] in [his] favor, as to the [July 25, 2012 arrest's] prosecution . . . as to all counts in the complaint." (Id. at ECF p. 6.) Plaintiff also charges the Brodsky Defendants with conspiratorial participation in violations of his First and Fourth Amendment rights in connection with a July 18, 2012, incident in which Defendant Pitre put a key in the door of Plaintiff's apartment as law enforcement officers were seeking to coerce Plaintiff to leave the apartment so that he could be arrested. (Id. at ECF pp. 3-4.)

## DISCUSSION

### Recusal Request

Plaintiff requests that the undersigned recuse herself from this case, arguing at length that the undersigned has exhibited bias against him and neglected arguments and evidentiary proffers in rendering the Court's earlier decisions in this case and a related case. The

request is denied.  The Court harbors no bias against Plaintiff.  Plaintiff clearly disagrees with the Court's decisions; such disagreement is not a ground for recusal and the fact that the Court has come to conclusions different from those advocated by Plaintiff does not evidence bias.

Procedural Objections

Plaintiff argues that the Brodsky Defendants' motion for judgment on the pleadings should be denied because they failed to conduct the written and oral consultative process with him that is contemplated by the Court's individual practices rules immediately before initiating the motion and thus denied him the opportunity to seek to amend further his complaint.  While it appears that the Brodsky Defendants did not comply with the procedure in all respects, the record does reflect that there were communications regarding at least certain aspects of the motion practice.  In any event, the individual practices rules, with which Plaintiff, who is an attorney, is clearly familiar, provide that the non-movant may request permission to amend within seven days of service of a motion directed to the complaint.  Plaintiff did not do so, choosing instead to file papers in opposition to the motion.  His proffers within those papers as to the general nature of the amendments he might have contemplated suggest, moreover, that the amendments would have been futile because they would not have provided a basis for a plausible inference that the Brodsky Defendants violated Plaintiff's constitutional rights, false arrests, or malicious prosecutions.  Accordingly, Plaintiff's request that the motion for judgment on the pleadings be denied for failure to comply with the undersigned's individual practices rules is denied.

Legal Standard for Evaluation of Motion for Judgment on the Pleadings

When deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court applies the same standards used for determination of a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Cortes v. City of New York, 700 F. Supp. 2d 474, 480-81 (S.D.N.Y. 2010).  Under this standard, a court must assess whether a complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  A court is not, however, required to accept "conclusory statements" made by the plaintiff as true, nor do "legal conclusion[s] couched as factual allegation[s]" merit such deference.  Twombly, 550 U.S. at 555.  To survive, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Specifically, conclusory allegations of a conspiracy to deprive a plaintiff of his constitutional rights are not sufficient to state a claim upon which relief may be granted without specific facts from which a reasonable inference of a conspiracy can be drawn.  X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 71 (2d Cir. 1999) (citing Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999)).

42 U.S.C. Section 1983 and 1985 Claims

> Conspiracy to Falsely Arrest, Maliciously Prosecute, and
> Otherwise Violate Plaintiff's Fourth Amendment Rights

Plaintiff alleges that the Brodsky Defendants acted in concert with the City Defendants in the "siege, storming, and breaching of Plaintiff's apartment on July 18, 2012." (Am. Compl. at ECF p. 3.)  Plaintiff further alleges that the Brodsky Defendants took steps to

have Plaintiff falsely arrested and evicted, "including surveilling and stalking him to find any pretext to falsely arrest or evict plaintiff . . . ." (Id.)  Additionally, Plaintiff alleges that Defendant Pitre acted as part of a larger conspiracy to falsely arrest Plaintiff by placing a key in the lock on Plaintiff's apartment door on July 18, 2012.  (Id. at ECF p. 4)

To sufficiently plead a cause of action for conspiracy to violate section 1983, Plaintiff must allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).  A sufficient pleading for a 42 U.S.C. section 1985 claim requires that the plaintiff allege, "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).  There must be a violation of a federal substantive right for a viable 42 U.S.C. section 1985 claim.  Traggis v. St. Barbara's Greek Orthodox Church et al., 851 F.2d 584, (2d Cir. 1988).

Plaintiff fails to state claims for violations of sections 1983 and 1985 because he has not identified a relevant constitutional violation.  In its May 2015 Opinion, the Court found that Plaintiff had failed to state viable claims against the City Defendants, a subset of whom are the relevant state actors for the false arrest, malicious prosecution and July 18, 2012 incident-related Fourth Amendment Claims, because the false arrest and malicious prosecution claims are precluded by the existence of probable cause and there was no unconstitutional search or seizure on July 18, 2012, among other reasons.  Those decisions are the law of the case.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Liona Corp. v. PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988)). The Court's finding of probable cause in connection with the April 18, 2012, arrest is similarly law of the case. Corsini, 2014 WL5049753, at *4; Corsini, 2015 WL 3456781, at *4.

Given the dismissal of all the constitutional claims against all of the state actors, Plaintiff's conspiracy claim against the Brodsky Defendants, which presupposes an agreement with a state actor to violate Plaintiff's constitutional rights, cannot stand. Accordingly, Plaintiff's claims pursuant to 42 U.S.C. sections 1983 and 1985 against the Brodsky Defendants are dismissed.

### First Amendment Retaliation Claim

Plaintiff further alleges that the Brodsky Defendants aided and abetted the City Defendants in violating his First Amendment rights as a result of his alleged false arrest and malicious prosecution. In the May 2015 Opinion, the Court dismissed Plaintiff's claim for retaliation based on the April 18, 2012, and July 25, 2012, arrests, given that Plaintiff's own pleading demonstrates that there was probable cause for the arrests. Corsini, 2015 WL 3456781, at *5. The Court further held that Plaintiff failed to allege facts demonstrating that Plaintiff's exercise of his First Amendment rights was chilled. Id. These determinations, too, are law of the case. The Court's prior decisions in this case thus preclude liability of the Brodsky Defendants for aiding and abetting constitutional violations in connection with the cited

incidents as well as any claim of First Amendment retaliation liability in connection with the July 18, 2012, incident at Plaintiff's apartment. Accordingly, Plaintiff's First Amendment retaliation claim against the Brodsky Defendants is dismissed.

State Law Claims

Given the Court's findings of the existence of probable cause with respect to Plaintiff's April 18, 2012, and July 25, 2012, arrests, any state law claims based on false arrest and malicious prosecution are also dismissed.

In light of the dismissal of all of Plaintiff's federal claims against the Brodsky Defendants, the Court declines pursuant to 28 U.S.C. section 1367 to exercise jurisdiction over any remaining state law claims against them.

CONCLUSION

For the foregoing reasons, the Brodsky Defendants' motion for judgment on the pleadings dismissing Plaintiff's Amended Complaint is granted.

This Memorandum Opinion and Order resolves docket entry number 142. The Clerk of the Court is requested to enter judgment dismissing the Amended Complaint as against all Defendants in accordance with this opinion and the decisions entered on September 23, 2014,

and May 27, 2015 (docket entry nos. 101, 136), and close this case.

        SO ORDERED.

Dated: New York, New York
      March 31, 2017

           /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       United States District Judge

A copy of this order has been mailed to:

Gerard Andrew Corsini
433 W. 21st St. Apt. 9a
New York, NY 10011